# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:14CR00012 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **KIRA HORNSBY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Kira Hornsby, Pro Se Defendant.*

The defendant, Kira Hornsby, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, contending that her sentence is invalid based on the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). After consideration of the United States' Motion to Dismiss, I conclude that Hornsby's motion must be dismissed.

On December 9, 2014, I sentenced Hornsby to a below-Guidelines sentence of 48 months' imprisonment after she pleaded guilty to transferring an unregistered firearm, in violation of 26 U.S.C. § 5861(e). The Presentence Report ("PSR") recommended a base offense level of 22 because of the type of firearm involved, and because Hornsby had at least one previous "felony conviction of either a crime of violence or a controlled substance offense." United States Sentencing Guidelines Manual ("USSG") § 2K2.1(a)(3). Hornsby did not appeal.

The Armed Career Criminal Act ("ACCA") provides for an enhanced sentence if a defendant is convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*.

On June 21, 2016, Hornsby signed the present motion pursuant to 28 U.S.C. § 2255, contending that her sentence was invalid following *Johnson* because it had been impermissibly enhanced under the residual clause. This claim lacks merit.

First, Hornsby was not sentenced under the ACCA; instead she pleaded guilty to transferring an unregistered firearm and her sentence was driven by

USSG § 2K2.1(a)(3). The Supreme Court has established that because the Guidelines merely "guide the exercise of a court's discretion" and do not "fix the permissible range of sentences" that a defendant faces, they are not subject to constitutional vagueness challenges. *Beckles v. United States*, 137 S. Ct. 886, 892 (2017). Therefore, any claim Hornsby has regarding the constitutionality of a similarly worded residual clause in the Guidelines is foreclosed. *Id*. Moreover, Hornsby's previous "felony conviction" used to support her base offense level was a 2010 drug conviction for distributing a Schedule III controlled substance. PSR ¶ 34, ECF No. 34. Therefore, Hornsby has not raised a challenge to a residual clause in the Guidelines, or otherwise. Accordingly, *Johnson* does not apply to her case and her motion is barred by the one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1).

      A separate Final Order will be entered forthwith.

DATED: June 8, 2017

/s/ James P. Jones
United States District Judge